UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNSON & ASSOCIATES, PC
BY: ADRIAN J JOHNSON, ESQ.
(ATTORNEY ID: 000592012)
485C US Highway 1 South, Suite 100
ISELIN, NJ 08830
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| Gwendolyn Sherman,<br>Plaintiff,<br><br>v.<br><br>Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; Magdaline M. Delany, Principal; John Doe, #1-50; and Mary Roe, #1-50,<br>Defendants. | VERIFIED COMPLAINT<br><br>Docket No.:<br><br>PLAINTIFF'S DEMAND FOR A TRIAL BY JURY |

Plaintiff Gwendolyn Sherman (hereinafter referred to as "Plaintiff" or "Sherman"), by their attorneys, Johnson & Associates, PC, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1331 in that this civil action arises under the Constitution, laws, or treaties of the United States. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

2. This Court has jurisdiction over each defendant named herein because each defendant is either a corporation that business in and maintains operations in this District or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District courts permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) because: (i)one or more of the defendants either resides in or maintains executive offices in this District; (ii) a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) insofar as a substantial part of the events of omissions giving rise to the claim occurred within this judicial district.

**PARTIES**

5. Plaintiff, Gwendolyn Sherman (hereinafter referred to as "Plaintiff" or "Sherman") is an individual and citizen

of the state of New Jersey, with their primary residence at 160 Overlook Avenue, Apt. 2C, Hackensack, New Jersey 07601.

6. Defendant, Yonkers Public Schools (hereinafter referred to as "Yonkers" and/or "Defendant Yonkers") is a Public School District in the State of New York, having its principal place of business at One Larkin Center, Yonkers, New York 10701. This Defendant is named under vicarious liability, as a result of the actions of Edwin M. Quezada and Magdaline M. Delany within their scope of employment of behalf of Defendant Yonkers.

7. Defendant, Yonkers Public Schools Board of Education (hereinafter referred to as "Yonkers Board" and/or "Defendant Yonkers Board") is a board of advisors for Yonkers Public Schools in the State of New York, comprised of natural citizens, having its principal place of business at One Larkin Center, Yonkers, New York 10701. This Defendant is named under vicarious liability, as a result of the actions of Edwin M. Quezada and Magdaline M. Delany within their scope of employment of behalf of Defendant Yonkers.

8. Defendant, Edwin M. Quezada (hereinafter referred to as "Quezada" and/or "Defendant Quezada") is an individual and citizen of the State of New York, with his primary residence at 8 Broward Drive, New City, New York 10956, and serves as the Superintendent for Yonkers Public Schools.

9. Defendant, Cesar E. Chaves Elementary School, f/k/a Cedar Place School (hereinafter referred to as "Chaves" and/or "Defendant Chaves") is a Public School District in the State of New York, having its principal place of business at 20 Cedar Place, Yonkers, New York 10705. This Defendant is named under vicarious liability, as a result of the actions of Edwin M. Quezada and Magdaline M. Delany within their scope of employment of behalf of Defendant Chaves.

10. Defendant, Magdaline M. Delany (hereinafter referred to as "Delany" and/or "Defendant Delany") is an individual and citizen of the State of New York, with her primary residence at 1333 North Avenue, Suite A, New Rochelle, New York 10804, and serves as the Principal at Cesar E. Chaves Elementary School, f/k/a Cedar Place School.

11. At all times relevant when reference is made to Defendant it is being made to the following Defendants individually and collectively: Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany. This is done so because all the Defendants listed are one in the same in that they are affiliates, parent organizations, and subsidiaries. The gerrymandering that took place is masked behind the different, facades, but in all reality, they are one.

12. At all times relevant thereto, John Doe, #1-50 and Mary Roe, #1-50 shall be inserted to represent any indispensable parties discovered during the litigation process. We are preserving space in this caption if the courts determine these discovered Defendants are indispensable parties. Sherman is required to raise such claims or risk waiver of such claims.

**FACTUAL ALLEGATIONS**

13. Plaintiff brings this matter against Defendants, to obtain statutory damages, compensatory damages, punitive damages, restitution, declaratory and injunctive relief.

14. Sherman is a special education teacher at Chavez, at all times relevant to this action.

15. As it relates to this matter, Sherman is a African American woman.

16. Defendant Delany is the principal at Chaves, at all times relevant o this action.

17. Sherman and Defendant Delany worked together at the Chavez location since 2009 - 2019.

18. During the time from 2009 to the current matter, Defendants collectively and individually have created a hostile work environment for Sherman.

19. Defendants, collectively and individually, have displayed a lack of professional respect by publicly belittling and humiliating Sherman.

20. Defendants, collectively and individually, intentionally reprimanded Sherman for no cause in efforts to mentally and emotionally abuse her.

21. Furthermore, Defendant Delany purposely tampered with Sherman's evaluation in an attempt to cause fear.

22. Sherman has been ordered by her superior to ignore the situation where child endangerment has been discovered.

23. Publicly shame Sherman by speaking and treating her differently in the presence of non-white team members.

24. Sherman has been ordered to take on difficult students back onto her roster after the district placement officer transferred them to non-white co-workers and train staff members for administrative positions.

25. Sherman fears that non-compliance with Defendants', collectively and individually, request and demand will result in disciplinary actions and/or termination of Sherman.

26. Defendants, collectively and individually, constantly stated she would receive complaints about Sherman from other staff members and would reprimand Sherman openly and publicly throughout the building.

27. Defendants, collectively and individually, would never give names as to who made complaints against Sherman, nor were complaints ever added to Sherman's employee file.

28. Sherman is the only special education teacher who is denied information connected to students' assessment and performance.

29. Defendants, collectively and individually, publicly humiliates Sherman during staff meetings.

30. Defendants' secretaries, collectively and individually, would fail to schedule Sherman for meetings with the District Superintendent or other superior school district personnel.

31. Defendant Delany purposefully tampered with Sherman's teacher's evaluation in an attempt to force her to resign or retire.

32. Due to Sherman's expression of concern regarding the sexual misconduct of emotionally disturbed students, both disabled and non-disabled students, Sherman was subjected to a relentless onslaught of retaliatory actions including: negative and false job performance evaluations; verbal abuse; threats; humiliation in front of her peers; and other degrading treatment.

33. Sherman was also targeted for strongly opposing any orders or directives directing her to not report suspected

child abuse and to intentionally cover-up any and all incidents involving the same.

34. Because of Sherman's non-disruptive expressions of concern regarding such conduct, she was faced with a series of retaliatory actions intended to impair Plaintiff's ability to effectively teach and/or advocate on behalf of many autistic and/or special education and/or African-American students for whom she was responsible.

**FIRST COUNT**
**FIRST AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

54. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

55. The First Amendment guarantees freedoms concerning religion, expression, assembly, and the right to petition. ... It guarantees freedom of expression by prohibiting Congress from restricting the press or the rights of individuals to speak freely. First Amendment to the United States Constitution, 42 U.S.C. § 1983.

56. Under the premises Defendants' conduct and/or retaliatory conduct violated Plaintiff's rights as guaranteed by reason of the First Amendment to the United States Constitution, 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**SECOND COUNT**
**EQUAL RIGHTS VIOLATION**
**42 U.S.C. § 1981**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

57. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

58. Under the premises Defendants' conduct and/or retaliatory conduct, motivated in substantial respect by race-based animus, violated Plaintiff's rights as guaranteed her by reason of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any

further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**THIRD COUNT**
**EQUAL RIGHTS VIOLATION**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

59. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

60. Under the premises Defendants' conduct and/or retaliatory conduct violated Plaintiff's right, on a third party standing basis or otherwise, to Equal Protection as guaranteed them by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by

law, for all other just and proper relief the court deems appropriate.

**FOURTH COUNT**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**42 U.S.C. § 1985**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

61. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

62. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed them by reason of 42 U.S.C. § 1985.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**FIFTH COUNT**
**DEPRIVATION OF RIGHTS**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

63. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

64. Under the premises Defendants' conduct and/or retaliatory conduct has chilled Plaintiff in future expressions of opinion regarding the at-issue matters of public concern, in violation of Plaintiff's rights as guaranteed them by reason of the First Amendment to the United States Constitution, 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**SIXTH COUNT**
**HOSTILE WORK ENVIRONMENT**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

65. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany,** in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**SEVENTH COUNT**
**WORKPLACE RETALIATION**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

66. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

67. Sherman is a teacher within the State of New York.

68. As such, she is required by Article 6, Title 6 and Section 413 of the New York Social Services Law to be a mandated report of child abuse or maltreatment.

69. Sherman is required to report said abuse or maltreatment as it appears to her based from her skill and experience within the field of her profession.

70. Section 413 of the Social Services Law prohibits supervisors from quenching or further discouraging a subordinate mandated to reported from conducting their duty to report.

71. In 2016/2017 school year, Sherman fulfilled her duty to report believed child abuse.

72. Sherman believed a fellow teacher within her building was abusing a student.

73. Sherman informed her building principal of her beliefs but was instructed not to report, as the school would conduct an internal investigation.

74. Soon after, harassing activities already conducted against Sherman intensified.

75. Defendants, collectively and individually, kept Sherman from leaving her classroom at any time for any reason.

76. Sherman was told not to leave her classroom outside of her lunch or planning period.

77. Building policy allows faculty members to leave the classroom for a short period if another staff member supervises the classroom.

78. Defendant Delany increased her verbal, mental and emotional abuse towards Sherman to a daily occurrence as a result of her reporting of the child abuse.

79. Defendant Delany furthermore prevented and/or blackballed Sherman from being able to apply for or obtain higher-level administrative positions.

80. Sherman was forced to train and advise staff members who were newly appointed to the administrative positions she earlier had been considered.

**WHEREFORE,** Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany,** in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**EIGTH COUNT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000d et seq.**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

81. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

82. All Defendants in this matter, in some form or another, receive financial benefits that can be traced back to Federal spending.

83. Defendants are State and Federal government actors.

84. Defendants singled out and targeted Plaintiff for being an African-American, woman and veteran.

85. Defendants used threats, harassment, and vested governmental powers to treat Plaintiff differently from other employees based on her race, color, and religion.

86. Sherman was denied access to funding for class trips that were set aside for the special education program.

87. Sherman was never approved for funding to take her class trips even though her white counterparts were regularly approved and awarded monies for class trips.

88. Additionally, Sherman was intentionally excluded from administrative emails sent to other staff members.

89. Defendant Delany displayed favoritism towards Caucasian teachers by re-assigning students with challenging behaviors back into Sherman's classroom.

90. Unlike other teachers, Defendants forced Sherman to come out of her classroom to address behavioral needs of students in other classrooms.

91. Defendants withhold and/or delays providing Sherman with information needed to complete reports required by the district.

92. Sherman is the only special education teacher who is denied information connected to student assessment and performance.

93. All assigned student and classroom aids' for Sherman's class are either removed or reassigned to increase the difficulty of teaching for Sherman.

**WHEREFORE,** Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany,** in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**NINTH COUNT**
**ASSAULT**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

94. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

95. On or about November 2017, Defendant Delany called Sherman into her office.

96. As Sherman was leaving Defendant Delany had an angry attitude and rushed Sherman out of the door.

97. As Sherman turned to face Defendant Delany to ask her a question relating to their conversation, Defendant Delany slammed her door in Sherman's face.

98. The door did not make contact with Sherman, but caused her to believe she was in imminent danger of being hit by the door.

99. Defendant Delany intended for the door to make contact with Sherman as the door was slammed out of anger.

100. Defendant Delany intentionally set forces in motion to cause apprehension of a harmful or offensive contact with the body of Sherman.

**WHEREFORE**, Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany**, in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**TENTH COUNT**
**DEFAMATION OF CHARACTER**
**(ALL DEFENDANTS COLLECTIVELY AND INDIVIDUALLY)**

101. Plaintiff repeats and re-alleges all allegations as set forth in the preceding paragraphs as if fully set forth herein.

102. Defendants, collectively and individually, falsely prepared negative teacher's evaluations displaying a poor grading of Sherman.

103. Defendants, collectively and individually, have communicated with other building staff members within the Yonkers School District and to outside District personnel portraying Sherman in a negative and false light.

104. As a result, Sherman has not been promoted nor transferred to other school buildings within the Yonkers School District.

105. Sherman has applied for multiple teaching positions outside of the Yonkers School District for several years and has not been able to obtain employment as a result of the slanderous statements made by Defendants.

106. Had Sherman secured one of the positions applied for, she would have earned an increase in pay.

107. Due to Defendants publication of false statements about Sherman, her health declined resulting in her taking a medical leave of absence.

**WHEREFORE,** Plaintiff demands judgment against Defendant, **Yonkers Public Schools; Yonkers Public Schools Board of Education; Edwin M. Quezada, Superintendent; Cesar E. Chaves Elementary School, f/k/a Cedar Place School; and Magdaline M. Delany,** in the form of permanent injunctive relief to prevent any further irreparable harm and any retaliation efforts together with money damages, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, for all other just and proper relief the court deems appropriate.

**JURY DEMAND**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury on all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Adrian J. Johnson, Esq., is hereby designated as trial counsel in the within action.

**ATTORNEY CERTIFICATION**

I am a partner of the firm of Johnson & Associates at Law, PC. This matter is neither the subject of any other pending action in any Court nor of a pending arbitration. It is not anticipated that any other party or non-party will be joined as a potentially liable person. I certify that the foregoing statements made by me are true.

I am aware that if any foregoing statements made by me are willfully false, I am subject to punishment.

RESPECTFULLY,

JOHNSON & ASSOCIATES AT LAW, P.C.

BY:s/Adrian J. Johnson, Esq.
Adrian J. Johnson, Esq.
Attorneys for Plaintiff

DATED: 31 August 2021

**VERIFICATION**

I, Gwendolyn Sherman, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the content thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct.

s/Gwendolyn Sherman
Gwendolyn Sherman
Plaintiff

DATED: 31 August 2021

**AFFIDAVIT OF SERVICE**

I, Adrian J. Johnson, Esq., of full age, hereby certify as follows:

1. I am the attorney for Plaintiff, Gwendolyn Sherman, in the above-captioned matter.

2. On this 31st Day of August 2021, I sent copies of the following documents:

   a. Complaint/Summons

   b. Affidavit of Service

by U.S. Mail First-Class and NYS E-FILING to:

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

s/Adrian J. Johnson, Esq.
Adrian J. Johnson, Esq.
Attorneys for Plaintiff

DATED: 31 August 2021